UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>WISDOM TYREE WHITTAKER,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [46] DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:21-cr-00311<br><br>District Judge David Barlow |

This matter is before the court on Wisdom Tyree Whittaker's Motion for Early Termination of Supervised Release.[1] Probation opposes the motion, while the government—at the time the motion was filed—was not opposed to early termination. For the reasons discussed below, the court denies the Motion.

Mr. Whittaker pled guilty to receipt of a firearm and ammunition while under indictment. He was sentenced to 24 months incarceration and 36 months of supervised release.

Mr. Whittaker's supervised release term began on March 31, 2023. He was arrested on assault-related state charges in April 2025. On July 8, 2025, Mr. Whittaker admitted to two supervised release violations, failure to disclose his identity to law enforcement and public intoxication. Following approximately two months of jail time, he was sentenced to time served and 36 months of supervised release. The state charges were dismissed in December 2025.

Through counsel, Mr. Whittaker moved for early termination of supervised release on July 21, 2026, citing in support his pre-arrest period of successful supervision and a post-

[1] ECF No. 46.

release period of successful supervision, emphasizing his progress toward independent living and negative drug tests over a combined but interrupted period of approximately 2.5 years of supervision.

The probation officer reports that before the motion for early termination was submitted in July 2026, he received information from the Draper Police and others that Mr. Whittaker was threatening individuals at an apartment complex where the mother of his child and child lived. New state charges of assault, domestic violence in the presence of a child, threat of violence, and electronic communication harassment were filed on July 22, 2026, and the court issued a warrant regarding these alleged violations on July 22, 2026. According to the probation officer, Mr. Whittaker was instructed to report to the probation office on July 29, 2026 but failed to do so. Draper Police advised the probation officer that defendant fled on foot before being arrested on the supervised release violation on August 12, 2026. Mr. Whittaker was seen for his initial appearance on revocation of supervised release allegations on August 19, 2026 and is currently detained.

18 U.S.C. § 3583(e) permits the court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Mr. Whittaker does not reference or analyze the § 3553(a) factors. Considering these factors, the Court finds that early termination of Mr. Whittaker's supervised release is not appropriate at this time. As an initial matter, his conduct on supervised release, while positive at

times, is significantly marred by the violations and allegations previously detailed. They are serious enough for the court to consider that his conduct does not warrant early termination of supervised release.

On further review of the § 3553(a) factors, the nature of the offense, receipt of a firearm and ammunition while under indictment, is serious. As to Mr. Whittaker's history and characteristics, while the number and nature of his adult criminal convictions are limited to date, he has a lengthy history of juvenile adjudications similar in nature to the assault, substance abuse violations, and pending allegations here which have resulted in him meeting the criteria for a criminal history category of VI at the age of 25, suggesting that additional supervision is still warranted. Regarding specific and general deterrence, those factors weigh against early termination on this record as well. Completing most or all of the term of supervised release supports deterrence at both the individual and general levels. It will also support rehabilitation by leaving protective testing and reporting requirements in place. Finally, on this record, continuing supervised release is more supportive of promoting respect for the law and providing a just punishment for the offense given the underlying offense and criminal history.

At this time, an early termination of supervised release is not well supported by the § 3553(a) factors and is not in the interests of justice.

It is therefore ORDERED that the Motion for Early Termination of Supervised Release is DENIED without prejudice.

DATED this 21st day of October, 2026.

BY THE COURT:

David Barlow
United States District Judge